# IN THE COURT OF APPEALS OF IOWA

No. 16-2198
Filed June 7, 2017

IN RE THE MARRIAGE OF STEVEN J. MATHIS
AND DANA P. MATHIS

Upon the Petition of
STEVEN J. MATHIS,
       Petitioner-Appellee,

And Concerning
DANA P. MATHIS, n/k/a DANA P. WELSH,
       Respondent-Appellant.
_____

       Appeal from the Iowa District Court for Allamakee County, John J.

Bauercamper, Judge.


       Respondent appeals the district court decision denying her request to

modify the physical care and child support provisions of the parties' dissolution

decree. **AFFIRMED.**


       Erik W. Fern of Putnam, Fern & Thompson Law Office, P.L.L.C., Decorah,

for appellant.

       Laura J. Parrish of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C.,

Decorah, for appellee.


       Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Dana Welsh, formerly known as Dana Mathis, appeals the district court decision denying her request to modify the physical care and child support provisions of the parties' dissolution decree. We affirm the district court's decision denying the request to modify the current joint physical care arrangement to grant Dana physical care of the children. We also find the evidence did not support a deviation from the child support guidelines. We find the district court did not abuse its discretion in denying Dana's request for trial attorney fees. Both parties request appellate attorney fees, and we deny their requests. We affirm the decision of the district court.

**I.       Background Facts & Proceedings**

Steven Mathis and Dana were previously married. They are the parents of six children. On October 26, 2011, the parties entered into a stipulation providing they would have joint legal custody of the children and joint physical care. The parties lived next door to each other in Lansing, Iowa, and agreed to exchange the children on alternating weeks. Steven agreed to pay child support of $700 per month for the six children and to maintain health insurance for them. The district court incorporated the parties' stipulation into the dissolution decree.

On May 18, 2015, Dana filed a petition requesting modification of the physical care and child support provisions of the dissolution decree. She claimed the children spent most of their time with her and asked to have the children placed in her physical care. She also requested Steven pay a greater amount of child support even if there was no modification of physical care. In response,

Steven asked to have his child support obligation reduced. In addition, Steven filed an application seeking to have Dana found in contempt for failing to send the children to stay at his house during the times specified in the decree.

A hearing was held on September 28-29, 2016. The oldest child was no longer a minor.[1] Dana was forty-four years old at the time of the hearing. She was employed as a part-time waitress and expected to earn about $19,000 per year. Dana testified the children spent the majority of their time at her house and she paid for most of their expenses. Steven was forty-seven years old at the time of the hearing. He was employed as a warehouse supervisor at Cabela's in Prairie du Chien, Wisconsin, and had annual income of $52,000. Steven testified Dana was not cooperative in sending the children over to his house.

The district court denied the request to modify the physical care provision of the dissolution decree. The court found, "The evidence presented is not sufficient to carry the burden of proof in favor of a change in custody or placement." The court determined Steven's child support obligation for five children should be $490 per month, with the amount decreasing as the number of minor children was reduced over time. The court denied Steven's request to have Dana found to be in contempt, stating there was no evidence she willfully denied Steven his parenting time with the children. Dana now appeals the decision of the district court.

---

[1] The oldest child was attending college. The second oldest child was eighteen years old but still attending high school.

## II. Standard of Review

In this equitable action, our review is de novo. *See* Iowa R. App. P. 6.907. "In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the district court, but is not bound by them." Iowa R. App. P. 6.904(3)(g). Our controlling consideration is the best interests of the children. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

## III. Modification of Physical Care

Dana claims the district court should have granted her request to modify the parties' joint physical care arrangement to award her physical care of the children. She states she is already providing a majority of the care for the children. Dana also claims Steven speaks negatively about her to the children and has not been willing to pay his fair share of their expenses. Dana believes Steven agreed to joint physical care for the purpose of reducing his child support obligation, but left the day-to-day care of the children to her. Steven claims Dana discourages the children from spending time at his home and he is willing to share the responsibilities for the children.

"A party seeking modification of a dissolution decree must prove by a preponderance of the evidence a substantial change in circumstances occurred after the decree was entered." *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). The changed circumstances must be such "that the children's best interests make it expedient to make the requested change." *Hoffman*, 867 N.W.2d at 32 (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa

1983)). "The party seeking modification of a decree's custody provisions must also prove a superior ability to minister to the needs of the children." *Harris*, 877 N.W.2d at 440. "The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons." *Frederici*, 338 N.W.2d at 158.

We find Dana has not shown there was a substantial change in circumstances. The parties still live next door to each other. Steven has the same job he had at the time of the dissolution. Dana was previously working as a part-time waitress and is presently doing the same thing, albeit at a different restaurant.[2] Neither party has remarried. The evidence showed there was a period of time the children spent more time at Dana's house, but by the time of the modification hearing, they were spending time at Steven's house when it was his week to have the children. Because the parties live next door to each other, even when it is technically Dana's week or Steven's week, the children freely go between the two houses.

We also find Dana has not shown she could minister more effectively to the needs of the children. The evidence showed the children were doing very well in school and were busy in extra-curricular activities. Both parents were involved in the children's activities. The children were described by various witnesses as "well-behaved," "smart, independent, mature," "responsible," "fantastic," "well-disciplined," and "respectful."

We determine it would not be in the children's best interests to change the present joint physical care arrangement. We affirm the district court's decision

---

[2] We recognize Dana had a different job between her waitressing jobs.

denying the request to modify the physical care provision of the parties' dissolution decree.

## IV.    Child Support

Dana claims Steven should pay a greater amount of child support. She asks for a deviation from the child support guidelines so Steven would pay child support as a noncustodial parent, rather than as a parent having joint physical care of the children. She states she has more expenses than she would if the children spent fifty percent of their time in Steven's care. Dana asks to have Steven's child support obligation increased to $1365 per month.

"There shall be a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the supreme court is the correct amount of child support to be awarded." Iowa Code § 598.21B(2)(c) (2015); *see also* Iowa Ct. R. 9.4. In order to deviate from the amount prescribed by the child support guidelines, the court must make written findings, giving stated reasons why application of the guidelines "would be unjust or inappropriate." *Id.* § 598.21B(2)(d); *see also In re Marriage of McDermott*, 827 N.W.2d 671, 684 (Iowa 2013).

The district court found, "No good cause has been shown to depart from those guidelines." We agree with the court's conclusion Dana had not shown it would be unjust or inappropriate to apply the child support guidelines under the facts of this case. Both parties provided a home for the children, with all the associated costs, and both provided for the needs of the children. Steven paid for the health, car, and life insurance for all of the children in addition to paying

their expenses while they were in his care. Based on the assumption the parties had joint physical care, the court used the child support guidelines to determine Steven's child support obligation for five minor children.

We affirm the district court's decision requiring Steven to pay child support of $490 per month for the five minor children, with the amount decreasing over time as the number of minor children decreases.

### V.    Attorney Fees

Dana claims the district court should have awarded her trial attorney fees. We review the court's decision for an abuse of discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We find the court did not abuse its discretion in denying Dana's request for trial attorney fees. Although Steven earns more money, the district court noted he was "responsible for substantial credit card bills, medical debt, and home repairs under the dissolution decree."

Both parties seek appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). We consider the needs of the party making the request, the ability of the other party to pay, and the relative merits of the appeal. *Id.* We determine the parties should pay their own appellate attorney fees.

We affirm the decision of the district court.

**AFFIRMED.**

Potterfield, Judge, concurs; Danilson, Chief Judge, dissents.

**DANILSON, Chief Judge.** (dissenting)

I respectfully dissent. There does not need to be an exact fifty-percent division of the overnight stays by children in a joint physical care arrangement. But here there was such a significant departure from joint physical care that I would modify the award and grant Dana sole physical care. For example, Steven does not dispute that one child spent 363 overnights with Dana during one calendar year. Granted, some of the children spent some daylight hours with Steven, but he does not dispute Dana's calculations that all of the children spent the vast majority of the time with Dana. The actions of the children are also understandable in light of Steven's cavalier attitude toward the needs of his children, such as the time when Steven was without a refrigerator for at least six months. I would reverse and award Dana sole physical care of the children and require child support to be recalculated on that basis.